WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy M. Odaniell, | No. CV-16-04072-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff's appeal of the denial of his social security disability benefits. Plaintiff raises two claims of error on appeal: 1) the Administrative Law Judge ("ALJ") did not properly consider the VA's partial disability findings; and 2) the ALJ did not properly discredit Plaintiff's symptom testimony.

**I.    Standard of Review**

The ALJ's decision to deny benefits will be overturned "only if it is not supported by substantial evidence or is based on legal error." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (quotation omitted). "Substantial evidence" means more than a mere scintilla, but less than a preponderance. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

"The inquiry here is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984) (citation omitted). In determining whether there is substantial evidence to support a decision, the Court considers the record as a

whole, weighing both the evidence that supports the ALJ's conclusions and the evidence that detracts from the ALJ's conclusions. *Reddick*, 157 F.3d at 720. "Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld; and in reaching his findings, the ALJ is entitled to draw inferences logically flowing from the evidence." *Gallant*, 753 F.2d at 1453 (citations omitted); *see Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). This is because "[t]he trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).

The ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Thus, if on the whole record before the Court, substantial evidence supports the ALJ's decision, the Court must affirm it. *See Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). On the other hand, the Court "may not affirm simply by isolating a specific quantum of supporting evidence." *Id.* (quotation and citation omitted).

Finally, the Court is not charged with reviewing the evidence and making its own judgment as to whether Plaintiff is or is not disabled. Rather, the Court's inquiry is constrained to the reasons asserted by the ALJ and the evidence relied on in support of those reasons. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

**II.   Claims of Error on Appeal**

   **A.   VA Findings**

Plaintiff argues that the ALJ erred in not considering all of his limitations found by the VA. The ALJ recounted that the VA had found that Plaintiff has a service-connected VA disability rating of 10 percent for tinnitus and 20 percent for lumbosacral or cervical strain. (Doc. 12-3 at 26).[1] While this recounting by the ALJ is correct, it is incomplete. Plaintiff notes the VA also found that Plaintiff had a rating of 40 percent for paralysis of upper radicular nerve group and 20 percent for neuralgia of upper radicular nerve group.

---

[1] The page numbers refer to this Court's record, not the ALJ's internal numbering.

(Doc. 13 at 14). Plaintiff further notes that the VA found Plaintiff to have a 70 percent service connection disability rating. (*Id*.). Finally, the VA found Plaintiff to be unemployable. (*Id.* at 15). Plaintiff argues it was error for the ALJ to not consider all of the VA's findings.

The Government responds and argues that any error in the ALJ's analysis was harmless. (Doc. 17 at 6). The Government argues that the ALJ considered the VA's determination that Plaintiff was partially disabled. (*Id*. at 7). Further the Government notes that the ALJ relied heavily on the medical record, in which no doctor found Plaintiff to have disabling limitations. (*Id*. at 7-8; Doc. 12-3 at 29).

The Ninth Circuit Court of Appeals has directed that the ALJ must give "great weight" to a VA determination of disability. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). However, because the VA criteria for determining disability and the social security criteria for determining disability are not identical, the ALJ "may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id*. In the *McCartey* case, the ALJ failed to consider a VA 80 percent disability finding. *Id*. The Court of Appeals remanded for an immediate award of benefits holding that an 80 percent disability finding when given great weight means, "a finding of disability is clearly required." *Id*.

Notwithstanding *McCartey*, citing *McLeod v. Astrue*, 640 F.3d 881, 886, 886 n.16 (9th Cir. 2011), the Government argues that a VA finding of only a **partial** disability, when given great weight, could cut against a social security finding of **total** disability from working. The Government goes on to argue that an error in not considering the entire partial disability finding was harmless because the ALJ did consider a partial finding and the ALJ further considering the partial finding would not change the result. (Doc. 17 at 6-7).

While as a general matter, the Court agrees with the Government that a partial disability finding by the VA in some cases would cut against a social security disability finding, the Court cannot conclude that such a result is present in this case. Specifically,

the Court cannot be sure that the ALJ considering a 70 percent overall disability finding (instead of the only 10 percent and 20 percent the ALJ actually considered) would not change the ALJ's determination of Plaintiff's residual functional capacity.

However, because the ALJ did consider a partial disability finding by the VA and gave persuasive, specific and valid reasons supported by the record for not finding Plaintiff disabled, the Court also cannot conclude (unlike the *McCartey* Court) that a finding of disability on remand is clearly required. This Court further cannot reach a conclusion that a finding of disability on remand is required on this record wherein no doctor has diagnosed Plaintiff as having disabling limitations. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) ("requiring courts to remand for further proceedings when . . . an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled"). Thus, the Court will remand for the ALJ to consider the VA's entire determination and to reassess Plaintiff's residual functional capacity in light of the entire VA determination.

### B. Plaintiff's Symptom Testimony

Next, Plaintiff argues that the ALJ erred in not providing clear and convincing reasons for not crediting Plaintiff's symptom testimony. (Doc. 13 at 7). Further, Plaintiff argues that this Court should "credit-as-true" that symptom testimony and remand for an immediate award of benefits. (*Id*. at 13-14).

As discussed above, the Court will remand this case for the ALJ to fully consider the VA's findings. However, because Plaintiff is seeking remand for an immediate award of benefits based on his symptom testimony, the Court will consider whether that testimony should be credited as true even though the Court has already determined that this case will be remanded.

The Court finds that the ALJ did provide clear and convincing reasons for not crediting Plaintiff's symptom testimony. For example, the ALJ noted that Plaintiff stated at that "he is unable to perform any activities of daily living and is unable to sit, stand or walk for long periods due to pain." (Doc. 12-3 at 26). However, the ALJ noted that

Plaintiff was taking only over the counter medications (Doc. 12-3 at 29); was refurbishing a house he owns (Doc. 12-3 at 26); was traveling back and forth to Los Angeles (Doc. 12-3 at 26); was liquidating his business (Doc. 12-3 at 26); and was exercising two to four times a week (Doc. 12-3 at 27). The ALJ then concluded that Plaintiff "remained active and that his alleged symptoms and limitations may have been overstated." (Doc. 12-3 at 26). The Court finds these inconsistences in Plaintiff's own self-reports are specific, clear and convincing reasons, supported by substantial evidence in the record, to not credit Plaintiff's symptom testimony.

On appeal Plaintiff argues it was inappropriate for the ALJ to rely on Plaintiff's self-reports about his own activities because the ALJ did not inquire of Plaintiff exactly how much he travels, how active he is in liquidating his business, or what exact activities he undertakes to refurbish his house. The Court disagrees. The ALJ did not need to have a minute by minute account of exactly how Plaintiff undertakes his activities to conclude that, based on the breadth and complexity of Plaintiff's activities, Plaintiff "remained active," which is inconsistent with Plaintiff's testimony that he is unable to perform any daily activities. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (allowing the ALJ to consider whether a claimant's daily activities are consistent with the claimant's symptom testimony).

Further, the ALJ's finding that Plaintiff had a modest treatment history (Doc. 12-3 at 27) was a clear and convincing reason to not credit Plaintiff's symptom testimony. *See Tommasetti*, 533 F.3d at 1039 (allowing the ALJ to consider whether a claimant's failure to seek treatment or failure to follow a course of treatment is consistent with the claimant's symptom testimony). On appeal, Plaintiff complains that the the ALJ listing his medical history is too generic to be a clear and convincing reason to reject his testimony. The Court disagrees. The ALJ listing Plaintiff's treatment history is a specific way for the ALJ to show how much treatment Plaintiff has sought, and whether Plaintiff complied with his doctors' recommendations.

Thus, for the foregoing reasons (which do not encompass all of the reasons listed

by the ALJ for not crediting Plaintiff's symptom testimony), the Court finds the ALJ gave clear and convincing reasons, supported by substantial evidence, to not credit Plaintiff's symptom testimony. Accordingly, the Court will not reverse the decision of the ALJ on this point. Based on this conclusion, Plaintiff's argument that his testimony should be credited-as-true fails.

## III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the decision of the Commissioner is reversed and remanded for further proceedings consistent with this opinion and the Clerk of the Court shall enter judgment accordingly.[2]

Dated this 24th day of October, 2017.

James A. Teilborg
Senior United States District Judge

---

[2] To the extent a mandate is required, the judgment shall serve as the mandate.